IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00574-F

| | |
|---|---|
| EDWARD MULDER, ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM |
| v. ) | AND RECOMMENDATION |
| ) | |
| SCOTT NORTON, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of Plaintiff Edward Mulder's ("Plaintiff") complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, it is recommended that Defendant K.M. Rogers be dismissed from this action and that Plaintiff be allowed to proceed with respect to the remaining Defendants.

## I. BACKGROUND

Plaintiff, an inmate in the custody of the State of North Carolina, filed this action *pro se* against Defendants Scott Norton, B.M. Kidd, T.G. Beasley, Jerry D. Quick, K.M. Rogers, and J.E. Maynor ("Defendants"), all members of the Sanford Police Department, with the exception of Maynor who is a trooper with the state highway patrol. Compl. [DE-1] at 1-2, [DE-1-6] at 1. Plaintiff alleges that, on or about January 6, 2011, Officers Norton, Kidd, Beasley, and Quick apprehended Plaintiff, removed him from his car, and subdued him by "beating (hitting, kicking, and using other blunt objects)[.]" Compl. at 2. Plaintiff alleges that as a result he "sustained major and massive injuries," including bruises, swelling, and damage to his face, eye, nose, and lip, and bruises to his body. *Id.* Plaintiff has submitted pictures purportedly of his alleged injuries. [DE-1-1 to 1-4]. At the time of the alleged beating, Plaintiff claims he was restrained by three officers, evidencing

the wanton, malicious and unnecessary nature of the "excessive force" asserted. Compl. at 2. Plaintiff further alleges that Trooper Maynor arrived on the scene after Plaintiff's apprehension, inquired of Officers Norton, Kidd, Beasley, and Quick regarding the incident, and made an allegedly false report based on statements of the officers. [DE-1-6] at 2. Finally, Plaintiff alleges a conspiracy between "[a]ll the law enforcement officers" who allegedly testified falsely, failed to provide evidence and information, and committed perjury and obstruction. *Id.* Plaintiff seeks injunctive relief and compensatory and punitive damages. Compl. at 3; [DE-1-6] at 2.

## II. LEGAL STANDARDS

The Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to file certain civil actions without prepayment of filing fees. *See* 28 U.S.C. § 1915A. The PLRA requires the district court to engage in a preliminary screening process of any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiff's complaint under the PLRA, the court must identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when

2

Case 5:13-cv-00574-F Document 5 Filed 09/25/13 Page 2 of 6

making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to

3

conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

It appears Plaintiff seeks to proceed against Defendants under 42 U.S.C. § 1983 on claims of excessive force and civil conspiracy. Although Plaintiff cites the Eighth Amendment as the basis for his excessive force claim, the Fourth Amendment is applicable here, where the alleged excessive force was incident to Plaintiff's arrest. *See Cooper v. Brunswick Cnty. Sheriff's Dep't*, 896 F. Supp. 2d 432, 445 (E.D.N.C. 2012) ("A police officer violates the Fourth Amendment when he uses force against an individual in an objectively unreasonable manner.") (citing *Scott v. Harris*, 550 U.S. 372, 381-86; *Schultz v. Braga*, 455 F.3d 470, 477 (4th Cir. 2006); *Clem v. Corbeau*, 284 F.3d 543, 550 (4th Cir. 2002)). "To determine whether an officer's use of force was excessive, the court employs a 'reasonableness' test." *Bostic v. Rodriguez*, 667 F. Supp. 2d 591, 613 (E.D.N.C. 2009) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Valladares v. Cordero*, 552 F.3d 384, 388 (4th Cir. 2009)). "The court looks to the objective reasonableness of the officer's actions, rather than the subjective motivations of the officer." *Id.* (citing *Graham*, 490 U.S. at 397; *Young*, 355 F.3d at 758–59; *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003)).

> The reasonableness test under the Fourth Amendment is not "capable of precise definition." *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). Rather, the court must balance "'the nature and quality of the intrusion on the individuals's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Unus* [*v. Kane*], 565 F.3d [103, 117 (4th Cir. 2009)] (quoting *Young*, 355 F.3d at 757). In particular, the court must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S. Ct. 1865. Further, the court may consider the extent of the plaintiffs injury. *See Jones*, 325 F.3d at 527. In

4

> evaluating these factors, the court must not engage in Monday-morning quarterbacking, but instead should consider that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation." *Park v. Shiflett*, 250 F.3d 843, 853 (4th Cir. 2001); *see also Graham*, 490 U.S. at 396–97, 109 S. Ct. 1865.

*Id.* at 613.

Here, Plaintiff has alleged that during his arrest he was pulled from his car and, while restrained, beaten severely by Officers Norton, Kidd, Beasley, and Quick, resulting in serious injury to Plaintiff. Compl. at 2. These allegations are sufficient to withstand frivolity review, and it is recommended that Plaintiff's claim of excessive force against Defendants Norton, Kidd, Beasley, and Quick be allowed to proceed.

Next, Plaintiff alleges that Defendants engaged in a conspiracy to conceal the alleged use of excessive force, specifically by Officers Norton, Kidd, Beasley, and Quick providing "false information" as to the alleged excessive force incident and Trooper Maynor's reporting of the officers' allegedly false statements. Compl. at 2; [DE-1-6] at 2. "To establish a civil conspiracy under § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right . . . ." *See Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996) (citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992)). Plaintiff's allegations are sufficient to withstand frivolity review, and it is recommended that Plaintiff's civil conspiracy claim be allowed to proceed against Defendants Norton, Kidd, Beasley, Quick, and Maynor.

Finally, with respect to Detective K.M. Rogers, Plaintiff has alleged no factual support for any claim against this Defendant. Accordingly, it is recommended that Defendant K.M. Rogers be

5

dismissed from this action.

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that Defendant K.M. Rogers be DISMISSED from this action and that Plaintiff be allowed to proceed on his claim of excessive force as to Defendants Norton, Kidd, Beasley, and Quick and on his claim of civil conspiracy against Defendants Norton, Kidd, Beasley, Quick, and Maynor.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, the 25 day of September 2013.

Robert B. Jones, Jr.
United States Magistrate Judge