IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-574-F

| | | |
|---|---|---|
| EDWARD MULDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SCOTT NORTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon motions to dismiss filed by Defendant Maynor [DE-32], Defendants Norton, Kidd, Beasley, and Quick [DE-36], and Defendant Rogers [DE-40], and upon the plaintiff's Motion to Appoint Counsel [DE-44]. For the reasons stated below, two of the motions to dismiss [DE-32, -36] are ALLOWED; Rogers's Motion to Dismiss [DE-40] is DISMISSED as moot; and the plaintiff's Motion to Appoint Counsel [DE-44] is DENIED. However, the Clerk of Court is DIRECTED to maintain management of this case in accordance with the directives below.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff Edward Mulder filed his complaint against the Defendants on August 9, 2013 [DE-1]. On October 21, 2013, the court adopted the Memorandum and Recommendations of Magistrate Judge Jones, which allowed the case to proceed after dismissing Defendant Rogers. *See* Order of October 21, 2013 [DE-6]. The court later issued orders, *sua sponte*, extending the deadlines to serve process on the defendants. *See* Order of May 2, 2014 [DE-9]; Order of June 12, 2014 [DE-11].

On June 24, 2014, the court denied Mulder's motion to amend his complaint. *See* Order of June 24, 2014 [DE-15]. The court held that Mulder had to first serve the defendants before requesting leave to amend his pleadings. *See id.* Mulder served the defendants, but then filed documents titled "Amendment" [DE-30] and "Corrected Amendment" [DE-31] without moving for leave to file an amended complaint. The motions now at issue followed shortly thereafter.

The allegations in Mulder's Complaint, which the court must accept as true for purposes of the motions to dismiss, show the following. On or about January 6, 2011, Defendants Norton, Kidd, Beasley, and Quick pulled Mulder from his car and hit, kicked, and beat him. *See* Complaint [DE-1] at 2. Mulder alleges that he sustained serious injuries to his face and body. *Id.* Mulder also alleges that Defendant Norton directed a racial epithet towards him. *Id.*

As to Defendant Maynor, Mulder alleges that Maynor arrived on the scene after the assault had taken place and began asking the officers about the incident. *See* Amendment to Complaint [DE-1-6] at 2. Mulder further alleges that Maynor wrote the facts as reported to him, but that he made "false and inaccurate statements in regard to the alleged incident." *Id.* Finally, Mulder alleges there was a conspiracy between the officers to not report the actual events. *Id.* Mulder has sued the Defendants in both their individual and official capacities.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In so doing, courts assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and

2

have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (citing *Twombly*, 550 U.S. at 555, 570). Moreover, although court draw all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 556 U.S. at 678. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks omitted). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Maynor Motion to Dismiss

Defendant Maynor argues that the plaintiff has failed to state a claim against him in both his official and individual capacities. The court agrees.

#### a. Official Capacity

As a general rule, governmental immunity "bars actions against ... the state, its counties, and its public officials sued in their official capacity." *Messick v. Catawba Cnty.*, 110 N.C. App. 707, 714, 341 S.E.2d 489, 493 (1993), *overruled on other grounds by Moore v. City of Creedmoor*, 345 N.C. 356, 481 S.E.2d 14 (1997). Indeed, "[governmental] immunity prevents the State or its agencies from being sued without its consent." *Corum v. Univ. of N.C.*, 97 N.C. App. 527, 533, 389 S.E.2d 596, 599 (1990), *aff'd in part, rev'd in part*, 330 N.C. 761, 413 S.E.2d 276 (1992). Furthermore, an action brought against a public officer in his official capacity "is simply another way of suing the public entity of which the officer is an agent." *Thompson v. Town of Dallas*, 142 N.C. App. 651, 654, 543 S.E.2d 901, 904 (2001). Thus, the suit brought

against Defendant Maynor is, in essence, a suit against the North Carolina State Highway Patrol, a state agency.

The Eleventh Amendment bars suit against a state agency except (1) where the state agency has waived its immunity, or (2) where Congress has overridden that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Complaint contains no allegations that sovereign immunity has been waived in this instance. Thus, the plaintiff has failed to state a claim against Defendant Maynor in his official capacity.

### b. Individual Capacity

The plaintiff's claim against Maynor in his individual capacity appears to be that Maynor participated in a civil conspiracy to deprive the plaintiff of his civil rights. "To establish a civil conspiracy under § 1983, [the plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right . . . ." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (1996).

Here, the extent of the plaintiff's allegations against Maynor are that he (1) "made false and inaccurate statements in regard to the alleged incident," (2) "knowingly testified falsely, and failed to provide important information and evidence," (3) "committed perjury, obstruction, endangering the welfare of others, failure to properly perform his duty, failure to report abuse and conspiracy, the blatant and vicious criminal and civil acts against the plaintiff," and (4) "provided false information and facts about the plaintiff's incident" in a "blatant and vicious criminal and civil conspiracy" with other officers. *See* Amendment to Complaint [DE-1-6] at 2. The plaintiff does not allege how this conspiracy formed, nor provide any other factual basis for the plaintiff's claims.

4

The court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 556 U.S. at 678. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302 (internal quotation marks omitted). Here, there are no facts to support the complaint's legal conclusions as to Maynor in his individual capacity. The plaintiff fails to state a claim against Defendant Maynor in his individual capacity.

Defendant Maynor's Motion to Dismiss [DE-32] is ALLOWED. The plaintiff's claims as to Maynor in both his official and individual capacities are hereby DISMISSED.

## II. Norton, Kidd, Beasley, and Quick Motion to Dismiss

Defendants Norton, Kidd, Beasley, and Quick have moved to dismiss the Complaint only as it pertains to them in their official capacities.[1] As previously stated, an action brought against a public officer in his official capacity "is simply another way of suing the public entity of which the officer is an agent." *Thompson*, 142 N.C. App. at 654, 543 S.E.2d at 904. That is, because Defendants Norton, Kidd, Beasley, and Quick are officers of the Sanford Police Department, it is as if Mulder brought suit against the Sanford Police Department itself.

To establish a § 1983 claim against an official entity, a plaintiff must show that the alleged constitutional violation resulted from an unconstitutional official policy or custom, or a failure to properly train or supervise employees. *See City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Furthermore, even where the plaintiff alleges an unconstitutional policy or custom, the plaintiff must also show a "close fit between the unconstitutional policy and the constitutional violation" that caused his harm. *See Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Similarly, "[t]he plaintiff . . . assumes a

---

[1] Defendants Norton, Kidd, Beasley, and Quick do not raise the defense of governmental immunity. Therefore, the court will consider these Defendants' arguments as if, but without ruling that, governmental immunity has been waived.

5

heavy burden of proof in supervisory liability cases." *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984). He must, in part "show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" *Id.* (alteration in original) (citing *Orpiano v. Johnson*, 632 F.2d 1096, 1101 (4th Cir. 1980)).

Here, the plaintiff has made no allegations of an unconstitutional policy or custom, much less made allegations showing a "close fit" between any unconstitutional policy or custom and his injuries. The plaintiff has not alleged a failure to properly train or supervise employees nor has he alleged facts showing deliberate indifference or tacit authorization. The plaintiff fails to state a claim against Defendants Norton, Kidd, Beasley, and Quick in their official capacities. Therefore, the Motion to Dismiss filed by Defendants Norton, Kidd, Beasley, and Quick [DE-36] is ALLOWED. The plaintiff's claims as to Defendants Norton, Kidd, Beasley, and Quick in their official capacities are hereby DISMISSED.

### III. Rogers Motion to Dismiss

Finally, as to Defendant Rogers, the court previously dismissed Rogers as a party to this case. The court has no reason to again add Rogers as a party. Therefore, because Rogers is not a party before this court, Rogers's Motion to Dismiss [DE-40] is DISMISSED as moot.

### IV. Motion to Appoint Counsel

The plaintiff has moved for the appointment of counsel under 28 U.S.C. § 1915(e)(1). However, the plaintiff has not shown that he is unable to afford counsel, only that he has been unable to *obtain* counsel. *See id.* ("The court may request an attorney to represent any person unable to afford counsel."). He has submitted no affidavits showing lack of financial resources, nor has he made any showing to that effect. For that reason, the plaintiff's Motion to Appoint Counsel [DE-44] is DENIED.

6

## V. "Amendment" and "Corrected Amendment"

The plaintiff has filed documents titled "Amendment" [DE-30] and "Corrected Amendment" [DE-31] without moving for leave to file an amended complaint. The court instructed the plaintiff that he would need to "request leave to amend his pleadings." *See* Order of June 24, 2014 [DE-15]. Because the plaintiff has not so requested, the court does not accept these documents as amendments to the plaintiff's complaint.

## CONCLUSION

Defendant Maynor's Motion to Dismiss [DE-32] is ALLOWED. The plaintiff's claims as to Defendant Maynor are hereby DISMISSED. The Motion to Dismiss by Defendants Norton, Kidd, Beasley, and Quick [DE-36] is ALLOWED. The plaintiff's claims as to Defendants Norton, Kidd, Beasley, and Quick in their official capacities are DISMISSED. Rogers's Motion to Dismiss [DE-40] is DISMISSED as moot. The plaintiff's Motion to Appoint Counsel [DE-44] is DENIED. The plaintiff's claims as to Defendants Norton, Kidd, Beasley, and Quick in their individual capacities remain. The Clerk of Court is DIRECTED to continue management of this case.

SO ORDERED.

This, the 25 day of March, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge