IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-574-F

| | | |
|---|---|---|
| EDWARD MULDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SCOTT NORTON, B.M. KIDD, T.G. BEASLEY and JERRY D. QUICK, in their individual capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the court is Defendants' motion to seal [DE 75] pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Local Civil Rule 79.2 and Section T of the CM/ECF Policy Manual. [DE 75]. The document at issue is a 2-page medical record – specifically, "discharge instructions" – Plaintiff provided to Defendants as part of his discovery obligations. *See* [DE 77 at 10 n.4]. Plaintiff opposes the motion under the erroneous belief that sealing the medical record is equivalent to "denying" it as evidence in this matter. [DE 83].

Rule 5.2 provides in relevant part:

[I]n an electronic or paper filing with the court contains an individual's social-security number, taxpayer-identification number, [] birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
   (1) the last four digits of the social-security number and taxpayer-identification number;
   (2) the year of the individual's birth;
   (3) the minor's initials; and
   (4) the last four digits of the financial-account number.

FED. R. CIV. P. 5.2. Here, the record at issue contains none of the above identifiers. As Defendants indicate, however, Rule 26.1 provides that filed copies of medical records received

during the discovery process "shall not be open to inspection or copying by any persons, except the parties and their attorneys" and "must be accompanied by a motion to seal . . . ." Local Civil Rule 26.1(1); *see also* Electronic Case Filing Administrative Policies & Procedures Manual, § T(1)(a)[1] (explaining where a local or federal rule requires the sealing of a record, a motion to seal need not be accompanied by a supporting memorandum).

The court is sensitive to the fact that this case file is electronically available to the general public. The medical record at issue, however, contains no sensitive or private information warranting the sealing thereof. Rather, it speaks to injuries for which Defendant was treated following the incident in question.

For the reasons provided herein, Defendants' motion to seal [DE 75] is DENIED.

SO ORDERED.

This the 1st day of June, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1]  Available at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf (last visited May 31, 2016).